IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> JOHNNY LEE MILLER, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE <br><br><br><br><br><br> Case No. 2:00-CR-210 TS |

This matter is before the Court for consideration of a letter written to the Court by Defendant, which has been construed as Defendant's Motion to Reduce Sentence, filed January 8, 2007.[1] The government filed its opposition thereto on February 1, 2007.[2] Defendant requests that the Court suspend, or at least reduce, his remaining period of incarceration. The government responds that the Court lacks jurisdiction to consider the Motion and, further, the request is not justified on the merits.

---

[1] Docket No. 44.

[2] Docket No. 45.

BACKGROUND

On May 17, 2000, Defendant was charged in a three-count Indictment with Armed Bank Robbery.[3] On June 26, 2000, Defendant pleaded guilty to all three counts,[4] and the Court sentenced him to a term of 146 months incarceration on September 27, 2000.[5] Judgment was entered October 11, 2000,[6] and amended October 19, 2000.[7]

Thereafter, on August 2, 2001, Defendant filed a Motion to Vacate or Set Aside his sentence, pursuant to 28 U.S.C. § 2255, which was assigned Civil Case No. 2:01-CV-591 TS. After Defendant filed seven separate supplemental filings in that case, the Court entered an order dismissing that case on July 16, 2003.[8]

The instant request for a reduction of Defendant's sentence amounts to an eighth request by him for such relief.

DISCUSSION

In the context of this criminal case, "[a] district court has extremely limited authority to modify a sentence once it is imposed," confined only to those specific instances where Congress

---

[3] Docket No. 14.

[4] Docket No. 22.

[5] Docket No. 28.

[6] Docket No. 29.

[7] Docket No. 30.

[8] Docket No. 15 in Case No. 2:01-CV-591 TS; Docket No. 40 in Case No. 2:00-CR-210 TS.

has expressly granted such jurisdiction,[9] including a motion under 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35.  Neither of these circumstances are presented in this case.  Therefore, the Court finds that it lacks jurisdiction to grant the relief requested in Defendant's Motion.

In the alternative, the Court could construe Defendant's Motion as one brought pursuant to 28 U.S.C. § 2255.  However, such an action would carry with it three significant limitations.

First, the Court is bound to make Defendant "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Defendant's assent or, the court must "conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[10]  Defendant must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[11]

Second, were the Court to construe the instant motion as one brought pursuant to § 2255, the next significant hurdle presented would be that of a "second or successive petition" because Defendant has already presented a § 2255 Motion, which has been fully disposed of by this Court.[12]  Paragraph eight of 28 U.S.C. § 2255 states that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"[13]  Further,

---

[9] *United States v. Cain*, 191 Fed.Appx. 830, 833 (10th Cir. 2006) (unpublished opinion).

[10] *United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[11] *Castro v. United States*, 540 U.S. 375, 381 (2003).

[12] *See* Case No. 2:01-CV-591 TS.

[13] The section goes on to explain that there must be "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."  The Tenth Circuit has recently adapted the Supreme Court's holding in *Gonzalez v. Crosby*[14] to § 2255 Motions in determining whether a later-filed postjudgment pleading should be construed as successive.[15]

Third, and perhaps most significant, is the fact that, even were the Court to construe the instant Motion as one brought pursuant to § 2255, and even were a panel of the court of appeals to authorize a second or successive petition, Petitioner is long past the limitations period set by statute.  In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[16]  As noted above, Amended Judgment was entered in this case on October 19, 2000.[17]  Defendant filed the instant Motion to Reduce Sentence over six years later.  No explanation is given that would satisfy this significant and procedurally fatal gap in time.

---

and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

[14] 545 U.S. 524 (2005) (addressing what type of pleading constitutes a second or successive pleading under 28 U.S.C. § 2254).

[15] *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006) (applying the *Gonzalez* standard to § 2255 Motions).

[16] *See also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[17] Docket No. 30.

Therefore, the Court finds that it lacks jurisdiction in this criminal case to reduce Defendant's sentence, and declines to construe Defendant's motion as one brought pursuant to § 2255.  However, should the Defendant seek relief pursuant to § 2255, he may file a motion to that effect and the Court will consider it in light of the procedural considerations set forth above.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Reduce Sentence (Docket No. 45) is DENIED.  It is further

ORDERED that Defendant's Motion to Compel Affidavit (Docket No. 44) is DENIED AS MOOT.

SO ORDERED.

DATED  April 12, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge