IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHNNY LEE MILLER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:00-CR-210 TS |

Defendant, acting pro se in this criminal case, has filed a Motion for Summary Judgment.  The procedural history of the case is as follows: Defendant entered a plea of guilty to three Counts of armed bank robbery and, on September 27, 2000, was sentenced to a term of custody of 146 months, plus supervised release.[1]  On May 27, 2005, Defendant filed a document he styled "Subpeona Ducus Tecum" seeking production of "affidavit of the accusing officer swearing to my liability."  This document was meaningless.  On September 22, 2005, Defendant filed documents styled "Subpoena" and "Commercial Affidavit of Truth."  These documents are incomprehensible and meaningless.  On July 11,

---

[1]Docket No. 30 (Amended Judgment and Commitment).

1

2005, Defendant filed a form "subpoena in a Civil Case" making similarly incomprehensible and meaningless requests for a "show cause with affidavit of accusing officer swearing officer to my liability to the present cause" and a "surety bond." On October 1, 2007, Defendant filed a document styled a "Notice" regarding a "Demand for Set-Off." This document is meaningless and incomprehensible.

On October 29, 2007, Defendant filed the present Motion for Summary Judgment, attaching numerous documents, including copies of some of the above described documents. The Motion and the attachments are rambling, meaningless, and incomprehensible. They appear to deny the existence of Defendant, his defense attorney, the prosecuting attorney, the Court, and the United States, as well as a list of additional entities with no apparent connection to this case. The documents also appear to refer to this criminal case and to Defendant's criminal conviction as a claim or a contract. Construing these documents liberally, it is not possible to determine what, if any, relief Defendant is seeking. The Court also notes that Defendant appears to be attempting to proceed in this criminal case under the Federal Rules of Civil Procedure.

The government has not responded to the Motion. However, "[i]f the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for '[n]o defense to an

insufficient showing is required.'"[2]

Because Defendant is proceeding pro se, the Court construes his pleadings and filings liberally.[3] However, as the Court noted in *Elliott v. Chrysler Financial*:[4] "[a]lthough we construe [Plaintiff's] pro se pleadings liberally and apply a less stringent standard than we would to pleadings filed by lawyers, we 'will not . . . construct a legal theory on [his] behalf.'"[5] The Court declines to consider issues that are not raised by coherent argument.[6] It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 49) is DENIED.

DATED   January 28, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2]*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]124 Fed. Appx. 610 (10th Cir. 2005).

[5]*Id.* at 611 (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (affirming trial court's sua sponte dismissal of complaint for failure to state a claim and for want of jurisdiction).

[6]*Mendez Suarez v. Comfort,* 117 Fed. Appx. 1, 3 (10th Cir. 2004) (declining to consider issues due to appellant's failure to set forth a coherent argument).